### CONLIN *v.* ROGERS *et al.*

(*Common Pleas of New York City and County, General Term.* June 1, 1891.)

NEGLIGENCE—EVIDENCE—NONSUIT.

>    While plaintiff's intestate was ascending a shaft in which he was employed by defendants, he fell from the hoisting cage, and was killed. The cage had a top and middle guard-rail and two uprights. At the time of the accident, and for about three weeks before, the middle rail in the rear of the cage was out, leaving a space about four feet high. Decedent had been going up and down in the cage for several months. No one saw him fall, and there was no evidence that he fell through the place where the guard-rail was missing. *Held,* that the complaint was properly dismissed at the close of plaintiff's case.

Motion for new trial on exceptions.

Action by Annie Conlin, as administratrix of Patrick Conlin, deceased, against John C. Rogers and others, for damages for the death of plaintiff's intestate, alleged to have been caused by the defendants' negligence. On the conclusion of plaintiff's case the complaint was dismissed, "on the ground that the plaintiff has not proven facts sufficient to constitute a cause of action." Plaintiff's counsel duly excepted. At the time of the accident the intestate was in defendants' service, and was ascending a shaft through which he went to and from his work in a tunnel. He was alone in the cage. The cage had iron guard-rails,—a top and middle rail, with two uprights. In the rear of the cage the middle rail was out, leaving a space of about four feet in height. This rail had been out for three weeks or longer. Before the defendants took the work from Brunten & Co., former contractors, there were no protection rails on the cages. Plaintiff's witness testified: "I was hoisting him when he fell off. I saw him go right off the cage. *. * * I didn't see him, and didn't see what occasioned his fall. I didn't know who had been in the cage until I saw him between me and the shutter. * * * I saw the shadow going right off the cage. * * * I let Conlin down that night. The next I saw him, he came up dead. I saw him fall down the shaft. * * * The guard-rails would come up to about his elbow. He had been going up and down the shaft for three months." On the conclusion of plaintiff's case the complaint was dismissed, on the ground that plaintiff did not prove facts sufficient to constitute a cause of action, and plaintiff moves for a new trial on exceptions ordered to be heard at general term.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*John M. Coman,* for plaintiff. *Nathaniel Smith,* for defendants.

PRYOR, J. Upon this state of facts, the question is, was it error to dismiss the complaint? or, to present the point in another form, was it the legal duty of the court to submit the case to the jury? The rule is familiar and fundamental that, to authorize a recovery in such an action as the present, the plaintiff must prove that the defendants' negligence was the cause of his injury. But, before this issue can be referred to the jury, the court must determine a preliminary question, namely, whether there be sufficient evidence to warrant the inference that the defendants' negligence was the cause of the

injury. If there be such evidence, the case must go to the jury, and it would be error to withhold it from them. If there be not such evidence, the case must be withdrawn from the jury, and it would be error to submit it to them. "If the evidence would not authorize the jury to find a verdict for the plaintiff, or if the court would set it aside, if so found, as contrary to evidence, in such case it is the duty of the court to nonsuit." WILLARD, J., in *People* v. *Cook*, 8 N. Y. 67, 74. "The judge has a certain duty to discharge, and the jurors have another and a different duty. The judge has to say whether any facts have been established by evidence from which negligence may reasonably be inferred; the jurors have to say whether, from those facts, negligence ought to be inferred." Lord CAIRNS in *Railroad Co.* v. *Jackson*, L. R. 3 App. Cas. 143, 197; Lord BLACKBURN, page 207. "Nor are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party. Formerly it was held that, if there was what is called a ' *scintilla* ' of evidence in support of a case, the judge was bound to leave it to the jury; but recent decisions of high authority have established the more reasonable rule that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it." MILLER, J., in *Improvement Co.* v. *Munson*, 14 Wall. 442, 448; *Commissioners* v. *Clark*, 94 U. S. 278, 284. "It is not enough to authorize the submission of a question, as one of fact to the jury, that there is some evidence. A *scintilla* of evidence, or a mere surmise, that there may have been negligence on the part of the defendant, would not justify the judge in leaving the case to the jury." RUGER, C. J., in *Dwight* v. *Insurance Co.*, 103 N. Y. 341, 359, 8 N. E. Rep. 654. A refusal to nonsuit, in a case where a nonsuit would be proper, is error requiring a reversal. *Wendell* v. *Railroad Co.*, 91 N. Y. 420, 429; *Lomer* v. *Meeker*, 25 N. Y. 361.

We are of opinion that, from these principles, the dismissal of the complaint was a necessary corollary. Assuming the negligence of the defendants as charged in the complaint, the burden was still upon the plaintiff to prove that the negligence was the cause of the injury to her intestate; in other words, that the fall of the intestate was due, as alleged, to "the unsafeness, defectiveness, and insecurity of said car or cage." But the manner and occasion of his leaving the cage are not apparent on the evidence. No witness saw his exit from the cage; no witness testifies how he came to fall from the cage; no witness says he fell through the space left by the absence of the rail. It is evident enough that he might have fallen from the cage otherwise than through that space; thus he might as well have fallen over the top rail as have slipped under it. Nothing in the case points to the latter, but rather to the former, alternative. Had the jury found that the intestate fell through the interval left by the removal or the rail, the finding would have been, not a legitimate inference from the circumstances, but a surmise or conjecture of a fact utterly without evidence. But "the law demands proof, and not mere surmises." *Bond* v. *Smith*, 113 N. Y. 378, 385, 21 N. E. Rep. 128; *Riordan* v. *Steam-Ship Co.*, 26 N. E. Rep. 1027. "These are mere conjectures, without any basis in the evidence to support them." *Reynolds* v. *Railroad Co.*, 58 N. Y. 248, 252. "It is for the plaintiff to show how the accident occurred, and to prove negligence of the defendants in respect to some matter that caused it." *Dobbins* v. *Brown*, 119 N. Y. 188, 23 N. E. Rep. 537. If the evidence be equivocal, and point equally to another fact and the fact in controversy, the proof is insufficient to establish the latter. *Cordell* v. *Railroad Co.*, 75 N. Y. 330. "When the balance is even as to which party is in fault, the one who relies upon the negligence of the other is bound to turn the scale." ERLE, C. J., in *Cotton* v. *Wood*, 8 C. B. (N. S.)

568. "The burden of proof is on him who complains of negligence. He must not only show that he suffered harm in such a manner that it might be caused by the defendant's negligence; he must show that it was so caused." Poll. Torts, 360, marg.; *Hayes* v. *Railroad Co.*, 97 N. Y. 259; *Baulec* v. *Railroad Co.*, 59 N. Y. 357; *Searles* v. *Railroad Co.*, 101 N. Y. 662, 5 N. E. Rep. 66; *Ryan* v. *Railroad Co.*, 121 N. Y. 126, 135, 23 N. E. Rep. 1131; *Taylor* v. *City of Yonkers*, 105 N. Y. 203, 209, 11 N. E. Rep. 642; *Kaveny* v. *City of Troy*, 108 N. Y. 571, 577, 15 N. E. Rep. 726.

If the plaintiff failed to furnish sufficient evidence of the fact that the defendants' negligence caused the injury to her intestate, her case is still more defective in the other essential particular, namely, proof that no negligence of his own contributed to his injury. "It belongs to the definition of the cause of action that the injury must have been occasioned solely by the negligence of the defendant; and either by direct proof given by the plaintiff, or from the circumstances attending the injury, the jury must be authorized to find affirmatively that the person injured was free from fault that contributed to the accident, or the action is not maintained. If this element is wanting in the case, the court may nonsuit or set aside a verdict for the plaintiff." *Reynolds* v. *Railroad Co.*, 58 N. Y. 248, 250. Of direct evidence of the absence of contributory negligence, the plaintiff's case is totally destitute, and not a single circumstance is shown that suggests a presumption of the fact. Whatever may have been the rule in former times, it is not now the law that the instinct of self-preservation authorizes an inference of due care to avoid an impending peril. "The presumption that every person will take care of himself, from regard to his own life and safety, cannot take the place of proof." *Cordell* v. *Railroad Co.*, 75 N. Y. 330; *Riordan* v. *Steam-Ship Co.*, 26 N. E. Rep. 1027, (court of appeals, March, 1891.) Assuming that plaintiff's intestate fell through the interval left by the removal of the rail, it is still not apparent but that he negligently so fell. Formerly the cage had no guards, and the missing rail had been out for three weeks or a month; yet it is not shown that any one had before fallen from the cage,—a fact affording demonstrative proof that a fall from the cage was not the necessary consequence of the absence of the rail. To infer, therefore, that the intestate did not fall through his own negligence, would be a wholly gratuitous assumption. Quite decisive of the proposition are *Bond* v. *Smith*, 113 N. Y. 378, 21 N. E. Rep. 128; *Hoag* v. *Railroad Co.*, 111 N. Y. 199, 18 N. E. Rep. 648; *Cordell* v. *Railroad Co.*, 75 N. Y. 330; *Reynolds* v. *Railroad Co.*, 58 N. Y. 248; *Riordan* v. *Steam-Ship Co.*, 26 N. E. Rep. 1027. "It is not enough to prove facts from which either the conclusion of the presence or absence of negligence may with equal fairness be drawn, but the burden is upon the plaintiff to satisfy the jury that there was no contributory negligence on the part of the deceased." *Hart* v. *Bridge Co.*, 84 N. Y. 57; *Hale* v. *Smith*, 78 N. Y. 480; *Muhr* v. *Mayor, etc.*, 2 N. Y. Supp. 59; *Tolman* v. *Railroad Co.*, 98 N. Y. 198. It results that the exceptions are overruled, and motion for a new trial denied, and judgment directed for the defendants. All concur.