## LUNDY *v.* SECOND AVE. R. CO.

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

STREET RAILROADS—INJURIES TO PERSONS ON STREET—QUESTION FOR JURY.

Plaintiff, in crossing the street, was passing behind defendant's street car, which had stopped on an up grade to let a passenger off, when the driver released the brakes, and the car gravitated backwards, and injured plaintiff. No one was on or near the rear platform to caution plaintiff against crossing near the car. *Held,* that it was error to grant a nonsuit, since the jury might have concluded that the driver could have started the car without any retrograde movement, or that ordinary care required him to caution persons in the way of probable injury. BISCHOFF, J., dissenting.

Appeal from trial term.

Action by Elizabeth E. Lundy against the Second Avenue Railroad Company for damages for injuries sustained by her through collision with the defendant's street car. From the judgment dismissing the complaint, and from the order denying a new trial, plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*George W. Wilson,* for appellant. *Merrill & Rogers,* (*Payson Merrill,* of counsel,) for respondent.

PRYOR, J. If upon any construction of the evidence it be sufficient to authorize a verdict for the plaintiff, the dismissal of the complaint was error. *Stackus* v. *Railroad Co.,* 79 N. Y. 464; *Clemence* v. *City,* 66 N. Y. 334, 338. Hence, if the inferences from the evidence be not certain and incontrovertible, the question of negligence is for determination by the jury. *Hart* v. *Bridge Co.,* 80 N. Y. 622. Upon the evidence before us the jury would have been warranted in the conclusion that the driver might have so started the car as to arrest its retrograde movement; or, if this were impossible, that ordinary care required him to give notice to persons in the way of probable injury. "To justify a nonsuit, on the ground of contributory negligence, the undisputed facts must show the omission or commission of some act which the law adjudges negligence." *Stackus* v. *Railroad Co., supra.* Clearly, no act of the plaintiff can be held to be negligence, as matter of law. *Conlin* v. *Rodgers,* (Com. Pl. N. Y.) 14 N. Y. Supp. 782, is authority only for the proposition that, in the absence of any evidence as to the occasion of the injury,—in other words, in the absence of evidence on the issue of negligence, —a nonsuit is inevitable. *Dobbins* v. *Brown,* 119 N. Y. 188, 23 N. E. Rep. 537. Here, the cause of the injury was demonstrated; and we are unable to affirm that it is equally consistent with inferences fatal and favorable to the plaintiff's case. The conclusion is that the judgment should be reversed, and a new trial ordered, costs to abide the event.

DALY, C. J., concurs.

BISCHOFF, J., (*dissenting.*) The facts appearing on the trial, so far as they relate to the occurrence of the accident which resulted in the injuries to the plaintiff of which she complained, were that about half past 8 o'clock on the morning of December 5, 1883, plaintiff was proceeding in a westerly direction, intending to cross Second avenue at or near the cross walk where the avenue is intersected by Eighteenth street. At this point the avenue presents a "down grade,"—an inclined or sloping plane,—rising in a northerly direction. The view of the street and avenue was unobstructed, and defendant's car, propelled by horse power, had proceeded northwardly along the avenue until it reached Eighteenth street, at the cross walk, where it came to a standstill to permit a passenger to alight. Plaintiff attempted to cross the avenue in the rear of the car, and within a distance of less than two feet

from the rear platform. At this moment the driver, intending to start the car in its onward course, relaxed the brakes, the car gravitated southwardly, and struck the plaintiff. As she was falling from the effect of the first collision she was struck a second time. Throughout this time the conductor in charge of the car was not on or near the rear platform of the car, and no caution was given plaintiff by any person against the risk of injury which would attend passage of the avenue in close proximity to the rear of the car. The trial judge dismissed the complaint, deeming the facts insufficient for the predication of negligence on the part of defendant or its servants.

The complaint was properly dismissed. Negligence, like every other fact of which courts cannot take judicial notice, must, unless admitted, be established by evidence, and a mere *scintilla* of evidence—a surmise—that the person charged therewith may have been guilty of negligence is not enough to justify the submission of the question of his negligence to the jury. *Conlin* v. *Rodgers*, (N. Y. Com. Pl.; filed June, 1891,) 14 N. Y. Supp. 782, and cases there cited. That the sudden relaxation of the brakes, by means of which the car had been kept stationary, caused it to gravitate and descend on the inclined plane, until the application of forward propulsion had the effect of checking its descent, was, for aught that appears from the evidence, due to the course of nature, as inexorably potent with respect to the defendant and its servants as it was to the plaintiff, and no negligence can be imputed to the former from the effect of that course, unless, indeed, man's ingenuity in this respect also has succeeded, by an appliance efficient for the purposes of its control, in subjecting nature to the influence of his will, the known use of which appliance was omitted by defendant. But of this there is not a particle of evidence. We do not fail to observe the suggestion of counsel for the appellant that the accident might have been avoided if plaintiff had been cautioned against the risk of injury by an employe of the defendant, stationed in the vicinity of the car to caution wayfarers. The measure suggested, however, would not have avoided the car's descent. No more could have been thereby accomplished than to apprise plaintiff of that which was already known to her, or she is presumed to have known. She was aware that the car was being operated in the defendant's regular business of carrying passengers, and it was within her reasonable expectation that the car would proceed onward after a passenger was allowed to get on or alight, and the car had been stopped for that purpose. That the relaxation of the brakes, without which the car could not have proceeded, would cause it to gravitate towards her on the inclined plane upon which it had been standing, was, so far as we are informed by the evidence, a matter beyond human control, and due to the course of nature, of which we are bound to take judicial notice, (1 Rice, Ev. p. 20, § 21b,) and with the knowledge of which plaintiff is as much chargeable as are the defendant and its servants. How, then, could the omission to give further caution have contributed to the accident, unless, indeed, it is meant to be implied that defendant was under the duty to have resisted plaintiff's attempted crossing of the avenue by actual, physical force? Sympathy with the injured does not assuage injustice to the innocent, and, before we proceed to say that defendant or its servants were negligent, we should pause to inquire, what, if anything, have they done which should have been omitted? or what have they omitted which they should have done? and next, what effect, if any, did this action of commission or of omission have upon the accident? What acts did defendant and its servants commit? They were operating one of defendant's cars in its regular business of carrying passengers, caused the car to stop to enable a passenger to alight, and started onward. There was no negligence in this. In starting the car on its onward course, it gravitated a few feet upon the inclined plane on which it had stopped, when the brakes were released. This was inevitable, hence not the result of carelessness or neglect. What did defendant and its servants omit

to do? They did not prevent the car's gravitation for a few feet on the inclined plane. But the gravitation was the result of natural forces over which there was no control, at least so far as we are informed by the evidence. Hence defendant or its servants cannot be said to have been negligent in that respect. They failed to caution plaintiff against the gravitation of the car. But that it would do so was obvious, and defendant and its servants had a right to assume that plaintiff knew of the intended progress of the car, and of the natural results attending its onward start. Hence there was no duty to give caution. *Craighead* v. *Railroad Co.*, 123 N. Y. 391, 25 N. E. Rep. 387. Assuming, however, that the failure to caution plaintiff was negligence, it still remains to show that the accident was the result of that negligence, for negligence which was not productive of, or contributive to, the injuries sustained by the plaintiff does not render defendant liable. *Chrystal* v. *Railroad Co.*, 124 N. Y. 519, 26 N. E. Rep. 1103. Caution to the plaintiff would not have prevented the car's gravitation, and of the natural results flowing from the attempt to start the car onward up the inclined plane, plaintiff must be presumed to have had as much knowledge as did defendant and its servants. It does not follow, therefore, that, if the caution had been given, plaintiff would not have attempted to cross the avenue as she did, and so not have sustained her injuries.

In principle this case does not appear to be distinguishable from those of *Hayes* v. *Railroad Co.*, 97 N. Y. 259, and *De Soucey* v. *Railway Co.*, (Com. Pl. N. Y.) 15 N. Y. Supp. 108. In both cases the injuries complained of were sustained by a passenger, towards whom the defendants owed the exercise of greater vigilance to avoid injury than was due from the defendant to the plaintiff, in the case at bar; yet it was held that the defendants were not liable for injuries sustained by a fall occasioned by the sudden and violent movement of a train of cars inevitably incident to its being started, without accompanying evidence to the effect that the movement was more than ordinarily violent because of the negligence of the defendant or its servants; and a nonsuit was adjudged proper.

The judgment appealed from should be affirmed, with costs.