O'REILLY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    April 13, 1903.)

1. EVIDENCE—SUFFICIENCY—INFERENCES.
    It is not enough that the facts proven permit an inference of a certain
    other fact sought to be established, but the inference must be the only
    one which can fairly and reasonably be drawn from the facts.
2. SAME—CROSSING STREET RAILWAY TRACKS—DUE CARE.
    It cannot be inferred from the mere fact that one could have looked
    for cars before crossing street railway tracks that he did look.
3. SAME.
    The inference of freedom from contributory negligence cannot be
    drawn from the presumption that one will exercise care and prudence
    in regard to his own life and safety.
4. STREET RAILWAYS—RULES OF COMPANY—VIOLATION.
    The rules of a street railway company required its cars to stop before
    crossing the tracks of another company, and there was evidence that
    the car which killed deceased violated the rule. It did not appear that
    deceased knew of the rule, or that he knew there were cross-tracks at
    the particular point, so that it was in force there. *Held* not sufficient
    to establish freedom from contributory negligence on deceased's part.

Appeal from Trial Term, Kings County.

Action by Mary A. O'Reilly, as administratrix of Peter F. O'Reilly, deceased, against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

I. R. Oeland, for appellant.
Henry Escher, Jr. (George F. Elliott, on the brief), for respondent.

JENKS, J. There is no evidence which directly establishes, or tends to establish, or permits the inference that the plaintiff stopped or looked or listened before he walked across the rails of the defendant. The learned counsel for the respondent is frank to admit that there is no "affirmative evidence" that the intestate did any of these things, but he insists that due care on the part of the intestate may be established by inferences. It is not enough that the facts proven permit an inference, but it is held that the inference sought must be the only one which can fairly and reasonably be drawn from those facts. Ruppert v. Brooklyn Heights R. R. Co., 154 N. Y. 90, 47 N. E. 971. And naturally so, else the jury would be free for guesswork. A contention of the learned counsel for the respondent will serve to illustrate. He says that the distance which the intestate had to travel before he reached the track was nine feet six inches, and that he undoubtedly looked, saw the car, and proceeded. Now, as I have said, there is not a particle of direct testimony that he looked. Of course, he could have looked while traveling that distance, but because he could have done so it cannot legally be inferred that he did so. Nor can the inference of freedom from contributory

¶ 3. See Negligence, vol. 37, Cent. Dig. § 222.

negligence be drawn from the presumption that one will exercise care and prudence in regard to his own life and safety. Wiwirowski v. L. S. & M. S. R. Co., 124 N. Y. 420, 26 N. E. 1023. The sole witness of the accident, called by the plaintiff, says that he saw the intestate; he himself saw the car from 50 to 75 feet away; that it was lighted, and traveling rapidly, with the noise usual to the locomotion of such cars. He also says that the intestate was crossing the street, coming towards the rails; was between the track and the curb; and then he states, "He went to one side, and all of a sudden disappeared."

In order to reach the cross-walk where the deceased walked, the car must cross the tracks of another surface railroad, which ran along Franklin avenue, and bisected the rails of the defendant at right angles. The plaintiff offered in evidence a rule of the defendant to the effect that cars crossing tracks must come to a full stop, and must not proceed until after a signal from the conductor. There is testimony from which the jury might infer that the car in question did not stop in obedience to that rule, and it is insisted that the intestate had a right to rely upon such obedience, and that this tends to establish his freedom from contributory negligence. It must be remembered that there was no obligation of law, statute, or ordinance upon the defendant to stop its car at the bisection of Franklin avenue and Bergen street. The law only required the motorman to have his car under reasonable control while approaching the cross-street, in view of the probabilities of persons or vehicles attempting to pass over the tracks at that point, and in furtherance of the relative equal rights of car, vehicle, or traveler.

In McGrath v. N. Y. Cent. & H. R. R. R. Co., 59 N. Y. 468, 17 Am. Rep. 359, the court, per Andrews, J., say:

"The law does not make it the duty of a railroad company to place a flagman at street crossings to warn travelers. Beisiegel's Case, 40 N. Y. 9. It may do so for that purpose, or for the protection of its trains or passengers. If it does so, the duty is voluntarily assumed, and may be abandoned at any time; and a mere failure to perform a self-imposed duty is not, as was said by Willes, J., in Skelton v. London & Northwestern Railway Company, L. R. 2 C. P. 631, actionable negligence."

In the case cited—Skelton v. London & Northwestern Railway Company, supra—Willes, J., says:

"Actionable negligence must consist in the breach of some duty. Here it is not contended that the defendants had acted improperly in the management of the trains, and the gates fulfilled all the requirements of the statute, so that the plaintiff has to rely upon the self-imposed duty, as it is called, or precaution, as I should call it, of keeping the gates shut when trains were passing. First it is said that there was evidence that the crossing was a dangerous one; but, though it might be prima facie evidence of that, if it did not appear otherwise what the nature of the crossing was, it is of no value when the other evidence, as here, shows what the real nature of the crossing was, and that there was no unusual danger. The precaution taken, therefore, must have been wholly voluntary, and it would be much to be deplored if the defendants' liability were increased by their taking additional precautions, whether from motives of humanity or discretion. Such, however, is not the case. If a person undertakes to perform a voluntary act, he is liable if he performs it improperly, but not if he neglects to perform·it. Such

is the result of the decision in the case of Coggs v. Bernard, 1 Sm. L. C. (6th Ed.) 177."

See, too, Beven on Negligence (2d Ed.) vol. 1, p. 155.

I have not overlooked the discussion as to the exact point decided by Earl, J., upon the second appeal of McGrath's Case, 63 N. Y. 524, but that learned judge, in Pakalinsky v. N. Y. Cent. & Hud. R. R. R. Co., 82 N. Y. 424, 427, says:

"Besides, it was not the duty of the defendant to station or keep a flagman at that crossing; and, so far as the trial judge in his charge instructed the jury that they could base a finding of negligence against the defendant on the absence of the flagman, he was clearly in error. McGrath v. N. Y. C. & H. R. R. R. Co., 59 N. Y. 468, 17 Am. Rep. 359; Id., 63 N. Y. 522."

It is true that in Dolan v. Delaware & Hudson Canal Co., 71 N. Y. 288, the court held that although, irrespective of an ordinance, negligence cannot be imputed upon an omission to keep a flagman at a crossing, yet, where a flagman has been uniformly stationed there, his neglect to give warning, or his absenting himself from his post, is imputable to the company. But it would seem that the rule relied upon in this case was not made to protect travelers who might attempt to pass along cross-walks at a street corner and over the tracks of the defendant, but for the purpose of preventing collisions between cars of the defendant and those of another company, whose lines run along Franklin avenue. It was, of course, true that obedience to the rule incidentally would serve to protect a traveler attempting to cross at a point beyond and adjacent to the rails of the other company, as would the stop of an approaching car for any reason; but, as I have said, such was not the purpose of the rule. I think that the mere violation of the rule, as presented by the record, does not avail the plaintiff upon the question of her proof of absence of contributory negligence. Her learned counsel says, "The motorman was chargeable with knowledge of the rule, and the deceased undoubtedly knew it." But it does not appear that the intestate knew it, nor are there any facts to warrant the inference that he knew, or naturally would have known, it. Even if it were shown that the intestate knew the rule, are there any facts to establish or to warrant the inference that the intestate even knew that there were any tracks upon Franklin avenue, so that the rule was in force at this place? In Pakalinsky v. N. Y. C. & H. R. R. R. Co., supra, the court, per Earl, J., say: "The plaintiff's conduct was in no way influenced by the absence of a flagman, as he did not know that one had usually been kept at that point." In fine, the record does not show that the deceased took any precautions whatever, and it does tend to show that, if he had done so, he would have seen the approaching car, and escaped it, for the witness Shanley saw it rapidly approaching, lighted by electricity, and with the usual rumble of such a vehicle. I think that the plaintiff did not meet the obligation to show the absence of contributory negligence of her intestate. Barker v. Savage, 45 N. Y. 191, 6 Am. Rep. 66; McClain v. Brooklyn Heights R. R. Co., 116 N. Y. 459, 22 N. E. 1062; Landrigan v. Brooklyn Heights R. R. Co., 23 App. Div. 43, 45, 48 N. Y. Supp.

454. Even where the evidence upon such question points neither way, the plaintiff fails.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur. HIRSCHBERG and HOOKER, JJ., concur solely upon the first ground stated in the opinion.