### ENSTROM v. NEUMOEGEN.

(Supreme Court, Appellate Term. January 5, 1911.)

MUNICIPAL CORPORATIONS (§ 705*)—NEGLIGENCE IN USE OF STREET—CONTRIBUTORY NEGLIGENCE.

A pedestrian, injured in the daytime by an automobile, which suddenly moved backward without warning, was not guilty of contributory negligence in attempting to cross the street back of the standing ma-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

chine, especially where other people directly ahead of him had crossed in safety.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles J. N. Enstrom against Manfred L. Neumoegen. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

James, Schell & Elkus (Edgar J. Treacy, of counsel), for appellant. Edward D. Loughman, for respondent.

GIEGERICH, J.   While attempting to cross from the south to the north side of West Seventy-Second street, near Broadway, in the borough of Manhattan, on January 14, 1910, at noon, the plaintiff was struck by the outside wheel of the defendant's automobile. The car was standing in West Seventy-Second street, at the north curb, when the plaintiff started to cross in the rear of it, with two other men just ahead of him. The others reached the curbstone in safety; but as the plaintiff was passing back of the car, and six feet distant, without any warning whatever, it was suddenly backed with such speed that he was struck by the outside wheel, thus sustaining the injury in controversy.

A reversal of the judgment is sought solely on the ground that the plaintiff failed to establish his freedom from contributory negligence; but under the circumstances above detailed the determination of the trial justice should not be reversed on the ground that the plaintiff did not use reasonable care to avoid being struck by the automobile. He was not called upon to assume that the machine, which was standing still when he started to cross the avenue in the rear of it, would be moved backwards without a warning of some kind.

In Lundy v. Second Avenue R. Co., 1 Misc. Rep. 100, 20 N. Y. Supp. 691, the plaintiff attempted to cross Second avenue at or near the crosswalk where it is intersected by Eighteenth street in the rear of a horse car which had stopped three or four feet below the crossing to permit a passenger to alight. At that place on the avenue there is an incline. At the moment the plaintiff attempted to pass about a foot in the rear of the car, the driver, intending to start the car on its onward course, relaxed the brake, whereupon the car gravitated backward and struck the plaintiff. The accident happened at half past 8 in the morning, and the view of the avenue and the defendant's car was unobstructed. The defendant gave no evidence on the trial, the complaint was dismissed, and the court denied the plaintiff's request to go to the jury; but that ruling was held erroneous on appeal.

The cases of Volosko v. Interurban St. Ry. Co., 190 N. Y. 206, 82 N. E. 1090, 15 L. R. A. (N. S.) 1117, and O'Reilly v. Brooklyn Heights R. R. Co., 82 App. Div. 492, 81 N. Y. Supp. 572, cited by

the appellant, are so different in their facts from this case that they are not at all applicable.

The judgment should therefore be affirmed, with costs.

BRADY, J., concurs.   GAVEGAN, J., concurs in the result.