First Judicial District Court of Burlington County.

MARGARET S. TROUT, PLAINTIFF, v. A. F. BRIGHT, DEFENDANT.

For the plaintiff, *Isadore H. Hermann.*

For the defendant, *Norman W. Harker.*

MATHEWS, J.    This was an action in negligence brought· by the plaintiff, Margaret S. Trout, to recover from the defendant, A. F. Bright, damages as the result of the injuries sustained by her on July 11th, 1931, in the city of Philadelphia, Pennsylvania.    There was evidence to show that the plaintiff stepped off the curb of Broad street some distance from the corner of Broad and Wallace streets, and directly in back of the defendant's car, in which at the time were the defendant and his wife.    It seems undisputed that at the time the plaintiff stepped off the curb the defendant's car was at a ·standstill. ·However, if this was disputed, I think the evidence clearly indicates that such was the case, and I so find.    The plaintiff testified that she did not notice whether anyone was in the car and she further says that the· engine of the car was not running.    The entire evidence in the case, however, indicates that the engine was running at the time, but that the plaintiff did not hear it.

The plaintiff testifies that she stepped off the curb at this distance from the corner in order to see whether there was a policeman at the corner of Broad and Wallace, at which place she intended to cross Broad street; that she passed the plaintiff's car and started back when she was hit.    Whether this is true or whether, as a matter of fact, she was starting to

cross Broad street at this point I do not think important to the decision of the case, except as its effect on the credibility of plaintiff's testimony.

The defendant testified that he started to back his car, looking out the rear window thereof; that he did not see the plaintiff at all until her head appeared at that window and that he immediately stopped his car. It is quite evident that the defendant's vision was limited by the back window of the car through which he was looking. It is also apparent that he could not have seen the plaintiff at or near the rear end of the car unless she was in front of this window, and hence he put the car in motion and backed without making sure there was no one in the rear except by looking through the window mentioned. I had no hesitancy at the trial in holding that the defendant was guilty of negligence in so doing under the circumstances. There appears to have been no horn blown or warning given of his intention to back.

The question which gave me some concern was whether or not the plaintiff was guilty of contributory negligence under the circumstances.

I take it to be fundamental that a pedestrian has equal rights upon the highway with a vehicle, except as modified by statute. While present traffic conditions on highways must give rise to a higher degree of care on the part of a pedestrian who crosses or enters a highway, particularly at some point admittedly not the regular crossing, nevertheless this does not affect the fundamental right, but should be taken into consideration upon the question of due care.

The only proof of the law of Pennsylvania on this subject is that of section 1013 (c) of the Pennsylvania Traffic act of 1929, which reads: "Every pedestrian crossing a highway, within a business or residence district, at any point other than a cross-walk, shall yield the right of way to vehicles upon the highway."

The question of plaintiff's contributory negligence under circumstances such as these seems to be a novel one in this state, and of course the law of this state, with the one exception above mentioned, governs.

Defendant has cited the case of *Sheldon* v. *James*, 175 *Cal.* 474; and the plaintiff the case of *Enstrom* v. *Neumoegen*, 126 *N. Y. Supp.* 660; as their main authorities respectively on this proposition.

It seems to me that the facts in the latter case are nearer those in the case at bar. The recital of the facts by the court in the Sheldon *v.* James case, contains these words:

"Plaintiff, hurrying to his office and neither seeing nor hearing nor knowing of the presence of the backing automobile, was struck by the projecting hood and thrown down, sustaining the injuries complained of."

We are not concerned now with defendant's negligence. That I have found as a fact.

It will be noticed from the above recital that the plaintiff in the cited case never observed the defendant's automobile at all, whether it was moving or standing or what its condition was.

In the case of Enstrom *v.* Neumoegen, while the plaintiff had also crossed the street before being struck, the court says:

"He [plaintiff] was not called upon to assume that the machine which was standing still when he started to cross the avenue in rear of it would be moved backward without warning of some kind."

In that case it certainly seems reasonable to suppose, even without a full recital of the facts, that there was someone in the machine and that the engine was running, or was started at a time when plaintiff could have fully observed it. I do not believe that the fact that the defendant and his wife were in the car with the engine running makes any difference. Even with these facts known to the plaintiff, without further indications to show the intention of the defendant, it seems to me she still had a right to assume that the defendant was not suddenly to back without warning and without a careful effort to ascertain whether there was anybody or anything in the rear of the car. It seems to me further that the Pennsylvania statute can have no application to a situation where the vehicle is standing still at the curb. The vehicle may have

the right of way under the statute but this gives it no license to run forward, backward or sidewise (if it could) all around the highway without warning and without thorough observation of the driver as to pedestrians lawfully upon the highway, even though under restriction, from a standing position at the curb.

Hence I feel that under the circumstances the plaintiff was not guilty of negligence contributing to the accident and is entitled to recover.

She testified that upon being struck by defendant's car she fell and injured (in fact broke) her wrist. She was taken to the Hahnemann Hospital and the wrist set. She made about fourteen trips to the hospital, and expended $22.50 as a direct result of the injuries. She testified that she was employed at the time of the accident, making $16 per week and that she lost eighteen weeks as a result of the injuries, making a total monetary loss of $310.50. I think she is entitled to $150 for the pain and suffering resulting from the accident.

A verdict will therefore be rendered in favor of the plaintiff and against the defendant in the sum of $460.50 and costs, and judgment will be entered thereon accordingly.