GEOGHEGAN v. ATLAS STEAMSHIP CO.

(Common Pleas of New York City and County, General Term.    April 3, 1893.)

1. DEATH BY WRONGFUL ACT—CONFLICT OF LAWS.

In an action for the death of one by the act of another committed abroad, it is incumbent on the plaintiff to prove that such death was an actionable wrong by the law of the place where the act was committed. Ports, bays, and harbors, to the distance, at least, of a marine league from the shore, are within the territorial jurisdiction and subject to the municipal law of the sovereign of the adjacent land. Accordingly, *held*, that in an action for the death of one by an act on board of a vessel lying in the port of a foreign country, at a point not more than two miles from the shore, a failure by the plaintiff to show that by the law of that country such death was an actionable wrong is fatal to a recovery.

2. NEGLIGENCE—EVIDENCE.

In an action for negligent injury it is incumbent on the plaintiff to prove his nonnegligence, and, in the absence of evidence to the point, he should be nonsuited.

3. MASTER AND SERVANT—FELLOW SERVANTS.

The relation of master and servant is ascertained not by the relative rank of the two, but by the nature of the act to be done. If the act be within the duty of a servant, no matter what his rank, the one doing it is a fellow servant of the one injured by its negligent performance.

4. SAME.

If a master provide a safe place for work it is the duty of a servant, by attention to details of arrangement and execution, to guard it against insecurity; and if a servant be injured by neglect of such details, no matter by whom, the negligence is that of a fellow servant.

(Syllabus by the Court.)

Appeal from trial term.

Action by Susan Geoghegan, as administratrix of John M. Geoghegan, deceased, against the Atlas Steamship Company, for causing the death of deceased. From a judgment entered on a verdict in favor of plaintiff, and an order denying a new trial, defendant appeals. Reversed.

For appeal from order denying a motion for a commission to take depositions, see 10 N. Y. Supp. 121.

Argued before BISCHOFF, P. J., and PRYOR and GIEGERICH, JJ.

Wheeler, Cortis & Godkin, (Lawrence Godkin, of counsel,) for appellant.

Roger M. Sherman, (James M. Smith, of counsel,) for respondent.

PRYOR, J. The action is by an administratrix for damages from the death of her intestate, who, by the alleged negligence of the defendant, fell overboard from its steamer, a British vessel, in the bay of Savanilla, United States of Colombia. That the actionable quality of an alleged wrong depends upon and is determined by the municipal law of the place of the transaction; that in a suit here, proceeding upon an alleged wrong committed abroad, the court, in the absence of evidence to the contrary, will presume the common law to be the law of the locality; that if, by the principles of the common law, such alleged wrong be not the subject of an action for private redress, the plaintiff, in order to recover, must prove it to be so by the law of the place of the transaction; that by the common law the death of a human being is not the subject of a civil action, and that, by consequence, whoever seeks reparation in our courts for the death of another abroad, must establish by affirmative evidence that such death is an actionable wrong by the law of the place of the occurrence,—are now elementary principles in the jurisprudence of the state of New York. Whitford v. Railroad Co., 23 N. Y. 465; McDonald v. Mallory, 77 N. Y. 546; Leonard v. Navigation Co., 84 N. Y. 48; Wooden v. Railroad Co., 126 N. Y. 10, 26 N. E. Rep. 1050. Incontestably the decision of the appeal, in one of its aspects, is suspended upon the application of these principles to the case in controversy. Counsel for the respondent so conceded on the trial, and accordingly, maintaining that the locus of the transaction was a British vessel on the high seas, and invoking the recognized rule that the law of the flag is the law of a vessel so situate, (McDonald v. Mallory, supra,) he introduced in evidence Lord Campbell's act, by which the death of a human being by the wrongful act of another is made the subject of a civil action. The appellant challenged the contention, and, assuming the position that, as it appeared by uncontroverted proof that the act in litigation was committed within the territorial jurisdiction of the United States of Colombia, and as no evidence was adduced that by the law of that country the alleged wrong is actionable, he moved to dismiss the complaint. We are of the opinion that the ground upon which the appellant stood is impregnable, and that the learned trial judge erred in denying the motion. When the plaintiff rested it was in evidence by the log book that at the time of the accident the vessel was in the harbor of Savanilla, where the port authorities were received, where passengers and mails were discharged, and where the cargoes were delivered and taken in. A witness for the plaintiff testified: "I couldn't tell how far the shore was from the ship when this accident happened. I couldn't calculate the distance. We could see the shore from the ship, but I couldn't tell the distance. I should think it wouldn't be three miles." On the part of the defendant the evidence as to the locality of the vessel was, that "she was in the bay of Savanilla, a mile and three quarters or two miles from the shore." Upon this uncontested state of fact, the question was one of law for decision by the court

whether at the time of the accident the vessel was on the high sea, as claimed by the plaintiff, or within the territory of the United States of Colombia, as asserted by the appellant. That the vessel was not on the high sea, but was within the dominion, and subject to the laws, of the United States of Colombia, is, upon the authority of the publicists, an obvious and undeniable proposition. "The maritime territory of every state extends to the ports, harbors, bays, mouths of rivers, and adjacent parts of the sea inclosed by headlands belonging to the same state. The general usage of nations superadds to this extent of territorial jurisdiction a distance of a marine league, or as far as a cannon shot will reach from the shore, all along the coasts of the state. Within these limits its rights of property and territorial jurisdiction are absolute, and exclude those of every other nation." Lawr. Wheat. pt. 2, c. 4, § 6, p. 320. "The exclusive dominion of a state unquestionably extends to those portions of the sea adjoining its territory embraced by harbors, gulfs, bays, and estuaries, and into the open sea to the distance of a marine league." 1 Kent, Comm. marg. pp. 29, 30. "The ports and roadsteads are unquestionably a part of the territory, and subject to the exclusive dominion of the state to which they belong, to the same extent as the land itself. They are governed in all respects by the municipal law." Pom. Int. Law, § 145. And the same doctrine is promulgated by the tribunal in this country of highest authority on the subject. "Between nations the minimum limit of the territorial jurisdiction of a nation over tide waters is a marine league from its coast." Manchester v. Massachusetts, 139 U. S. 240, 258, 11 Sup. Ct. Rep. 559. "It is part of the law of civilized nations that when a merchant vessel of one country enters the port of another for the purposes of trade, it subjects itself to the law of the place to which it goes, unless by treaty or otherwise the two countries have come to some different understanding or agreement." Wildenhus' Case, 120 U. S. 1, 11, 7 Sup. Ct. Rep. 385. Upon a critical examination of the cases cited by the respondent, we find nothing to the contrary of the proposition that the rights of the parties to this litigation are to be determined by the law of the United States of Colombia.

The act upon which the suit proceeds having been committed abroad, the burden was on the plaintiff to prove it an actionable wrong, and, as she produced no evidence in support of the proposition, the complaint should have been dismissed. Assuming, however, that at the time of the accident the vessel was on the high sea, and so subject to the law of England, which authorizes an action for the death of a human being, still, upon a familiar principle, the law of the forum regulates the burden of proof and the quantum of evidence requisite to a recovery. It is a settled rule in the jurisprudence of this state that to maintain an action for an injury by the negligence of another it is incumbent upon the plaintiff to establish the fact that no negligence of his own contributed to cause that injury. Proof of the fact need not be positive, but may be circumstantial; still the nonnegligence of the plaintiff must result as the rational conclusion from adequate evidence. It cannot rest in surmise or conjecture only, nor is it shown when the circumstances are equally consistent with its presence or its absence. These

propositions are upheld by irresistible authority, and illustrated in a variety of adjudged cases. Hart v. Bridge Co., 84 N. Y. 56; Hale v. Smith, 78 N. Y. 480; Wiwirowski v. Railroad Co., 124 N. Y. 420, 26 N. E. Rep. 1023; Cordell v. Railroad Co., 75 N. Y. 330; Bond v. Smith, 113 N. Y. 378, 21 N. E. Rep. 128; Riceman v. Havemeyer, 84 N. Y. 647; Reynolds v. Railroad Co., 58 N. Y. 248; Conlin v. Rogers, (Com. Pl. N. Y.) 14 N. Y. Supp. 782; Powell v. Railroad Co., 15 N. E. Rep. 891, 16 N. E. Rep. 339. In the case before us no one saw the accident. The only facts in evidence are that the place was dark; that the door in the side of the vessel was open, and the vacant space insufficiently guarded by a rope; that a man was seen struggling for a moment in the water, and then disappear; and that, upon a muster of the crew, the decedent was missing. Supposing him to have fallen into the sea by accident, what circumstance appears to repel an inference of his negligence? "There is no presumption that a person exposed to danger will exercise care and prudence in regard to his own safety." Wiwirowski v. Railroad Co., supra. The woman Dinsmore had just before gone to the same spot, without incurring a similar casualty. Who can say that proper care on decedent's part would not have averted the catastrophe? Beyond all controversy, the evidence is of no significance in negativing an inference of decedent's negligence, and the learned trial judge should, on that ground, have granted the motion to dismiss. Indeed, conceding defendant's negligence, the action might well have miscarried for want of proof that it was the cause of plaintiff's injury. Dobbins v. Brown, 119 N. Y. 188, 23 N. E. Rep. 537; Conlin v. Rogers, supra.

Again, assuming negligence as the cause of the injury, it was the negligence of a fellow servant. The relation of master and servant is not determined by gradation of rank or superiority, (Wright v. Railroad Co., 25 N. Y. 562, 565,) but by the nature of the act, the cause of the injury. If that act be one the performance of which is incumbent on the master, the delegation of it to a servant does not discharge the master from liability for its negligent performance. If the act be one within the duty of a servant, its negligent performance is the negligence of a fellow servant, and the master is exempt from liability. Crispin v. Babbitt, 81 N. Y. 516; McCosker v. Railroad Co., 84 N. Y. 77; Cullen v. Norton, 126 N. Y. 1, 26 N. E. Rep. 905. It was the defendant's duty as master to furnish the decedent a safe place in which to work; but "the place which the master furnished was the ship itself," (Hogan v. Smith, 125 N. Y. 775, 26 N. E. Rep. 742,) and as the company had supplied iron doors to bar the gap through which it is supposed the decedent fell, it had discharged its duty in protecting him against the peril incurred. It is argued, however, that the negligence which caused the injury was the omission to close the doors or otherwise prevent passage through the port, but to do this was the duty of a servant, and the master is irresponsible for its nonperformance. Hogan v. Smith, 125 N. Y. 774, 26 N. E. Rep. 742; Cullen v. Norton, 126 N. Y. 1, 26 N. E. Rep. 905; Harvey v. Railroad Co., 88 N. Y. 481; Steamship Co. v. Merchant, 133 U. S. 375, 10 Sup. Ct. Rep. 397; Ford v. Railroad Co., (N. Y. App.) 22 N. E. Rep. 946; Hudson v. Steamship Co.,

(N. Y. App.) 17 N. E. Rep. 342; Byrnes v. Railroad Co., 113 N. Y. 251, 21 N. E. Rep. 50; Judson v. Village of Olean, (N. Y. App.) 22 N. E. Rep. 555. The negligence, therefore, which caused the injury, though that of the first officer, or the captain, even, was the negligence of a fellow servant with the decedent, and for this reason, too, the learned trial judge should have dismissed the complaint. But, although the injury was from a defect in the place or appliances, the defendant is not responsible, for want of proof of knowledge of the defect, or its equivalent. Devlin v. Smith, 89 N. Y. 470; Wright v. Railroad Co., 25 N. Y. 562, 566. Judgment reversed, and new trial ordered; costs to abide event. All concur.