---

OEHLER v. HAMBURG–AMERIKANISCHE–PACKETFAHRT ACTIEN GE-SELLSCHAFT.

(Supreme Court, Trial Term, New York County. February 16, 1914.)

1. MASTER AND SERVANT (§ 86*)—INJURY TO SEAMEN—WHAT LAW GOVERNS.

Where a seaman on a German vessel was injured on the high seas by a defect in a stair rail while the vessel was on a trip from the port of New York to the West Indies and return, his right to recover was governed by maritime law and not by the common law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 137; Dec. Dig. § 86.*]

2. SEAMEN (§ 29*)—INJURIES—LIABILITY OF SHIPPING OWNER.

Where a seaman on a German vessel was injured on the high seas by an alleged defect in a balustrade, the shipowner was not liable under the maritime law; there being no claim that the vessel was unseaworthy.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186, 188–194; Dec. Dig. § 29.*]

3. SHIPPING (§ 73*)—MARITIME LAW.

A ship on the high seas is a floating portion of the country whose flags she flies, and torts committed on board such vessel are governed by the laws of such country.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 73.*]

4. EVIDENCE (§ 37*)—JUDICIAL NOTICE—FOREIGN LAWS.

In an action in the state courts for injuries to a seaman on a German vessel while at sea on a voyage from the port of New York to the West Indies and back, the court could not judicially know or presume that there was a cause of action for the master's negligence under the German law, and hence it was plaintiff's duty to plead and prove the law of Germany affording him such a cause of action.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 52; Dec. Dig. § 37.*]

5. SEAMEN (§ 3*) — INJURIES — WHAT LAW GOVERNS — CONTRACT OF EMPLOY-MENT.

Where a seaman contracted in New York for services on a German ves-sel from New York to the West Indies and return, the contract, being one

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to be performed on a vessel flying the German flag on the high seas, was to be interpreted by the German law and not by the law of New York.

[Ed. Note.—For other cases, see Seamen, Dec. Dig. § 3.*]

Action by Paul Oehler against the Hamburg-Amerikanische Packetfahrt Actien Gesellschaft. The jury having been waived, defendant admitted the facts alleged in the complaint, and plaintiff admitted the facts alleged in a separate defense, and both moved for judgment. Judgment for defendant dismissing the complaint on the merits.

M. Strassman, of New York City (Don R. Almy and William S. Evans, both of New York City, of counsel), for plaintiff.

A. Leonard Brougham, of New York City, for defendant.

COHALAN, J. The parties to the action have waived the right of a trial by jury, and a question of law only is involved. It is admitted that the plaintiff was employed by the defendant as a member of the crew of the Steamship Allemannia; that he was engaged at the port of New York for a trip to the West Indies and return; that three days after his hiring, in falling down a stairway leading from the promenade deck to the main deck of the vessel, he sustained personal injuries; and that his injuries were due to the carelessness and neglect of the defendant.

The defense is that the vessel was a German sea-going vessel, sailing on the high seas under the German flag; and that the sole right of the plaintiff to recover compensation is through the "See-Berufsgenossenschaft," an organization created under the German law for these purposes: (1) To protect German seamen, and (2) to compensate them and their dependents for injuries or death occurring while in the service of German vessels.

The subject-matter for consideration is the legal sufficiency of the defense interposed. The complaint alleges a common-law cause of action, as in the ordinary master and servant case, for damages sustained by reason of the master's neglect to furnish a safe place in which to work and reasonably safe appliances with which to work.

[1] As to the complaint: (1) If the allegations of the complaint be conceded, that the defendant maintained a balustrade in a defective and dangerous condition, and violated its duty, after notice, in regard to its safety, and as a consequence the plaintiff was injured, the plaintiff is without relief, suing under the common law. It would seem that his rights are to be determined by the maritime law, and the maritime law follows the ship wherever she goes in the prosecution of her enterprise. Roberts v. Skolfield, Fed. Cas. No. 11,917; City of Alexandria (D. C.) 17 Fed. 390; Ives v. South Buffalo R. R., 201 N. Y. 271, 94 N. E. 431, 34 L. R. A. (N. S.) 162, Ann. Cas. 1912B, 156; The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760.

[2] The famous case of Ives v. South Buffalo R. R., supra, while it is not decisive in this case, holds that the contracts and services of seamen are exceptional in character. Also, the court said:

"When he (the seaman) is sick or injured, he is entitled to be cared for at the expense of the ship, and for the failure of the master to perform his duty

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in this regard the ship or the owner is liable. That is a right given to the seaman, and a duty enjoined upon the master, by the plainest dictates of justice, which arises out of the necessities of the case; and, because of the reason of the rule, the right and duty cease when the contract has terminated and the seaman has been returned to the port of shipment or discharge, or has been furnished with means to do so. But beyond this duty on the part of the master or owner, there seems to be no liability whatever for injuries sustained by the seaman in the course of his work."

In the case of The Osceola, supra, the court held:

"That the seaman is not allowed to recover an indemnity for the negligence of the master, or any member of the crew, but is entitled to maintenance and cure, whether the injuries were received by negligence or accident."

There are cases which hold that where a seaman has sustained injuries by reason of the unseaworthiness of the vessel he may recover damages. But the complaint in this case does not allege that the vessel was unseaworthy.

[3] As to the answer: (2) The plaintiff was employed on a German vessel flying the German flag, and it was on the high seas, outside the jurisdiction of the United States, when plaintiff was injured.

It is no new legal principle that a ship on the high seas is a detached, floating portion of the country whose flag she flies, governed exclusively by the laws of that country. The Scotia, 14 Wall. 170, 20 L. Ed. 822; La Bourgogne, 210 U. S. 95, 138, 28 Sup. Ct. 664, 52 L. Ed. 973; The Hamilton, 207 U. S. 398, 405, 28 Sup. Ct. 133, 52 L. Ed. 264; McDonald v. Mallory, 77 N. Y. 546, 33 Am. Rep. 664. Minor in Confl. of L., § 195, says:

"In case of torts committed on the high seas, the tort must be regarded as committed in the territory of the state or country to which the vessel belongs. The law of the flag is the lex loci delicti."

[4] The accident, therefore, must be viewed as though it occurred within the physical territory of Germany. The court cannot judicially know or presume that there is a cause of action for damages for the master's negligence under the laws of Germany. Savage v. O'Neil, 44 N. Y. 298; Whitford v. Panama R. R., 23 N. Y. 465; Cuba R. R. v. Crosby, 222 U. S. 473, 32 Sup. Ct. 132, 56 L. Ed. 274, 38 L. R. A. (N. S.) 40. Hence the plaintiff, in order to maintain an action for damages herein, should have pleaded and proved that the law of Germany afforded him such a cause of action. It is the rule in this state that the law of the place where the tort occurs is the law by which the liability of the defendant is to be determined. McDonald v. Mallory, 77 N. Y. 546, 33 Am. Rep. 664; The Lamington (D. C.) 87 Fed. 752. The progressive Workman's Compensation Law, recently passed by the Legislature of this state, recognizes that employés on foreign vessels, even when in our territorial waters, are not to be subjected to the operation of the law. Laws 1913, Extra Sess., c. 816, art. 1, § 2. In group 8 thereof, referring to employés engaged in certain specified hazardous employments, the law reads:

"The operation, within or without the state, including repair, of vessels other than vessels of other states or countries used in interstate or foreign commerce, when operated or repaired by the company."

[5] The plaintiff asserts that the contract was one of hiring made in New York, and that therefore the laws of New York must be read into the contract on the theory that the parties may be presumed to have contracted with reference to the laws of this state. The presumption is applied in some cases to contracts involving the safe carriage of goods or passengers by common carriers. But, even if the rule in contract cases were applied herein, no different result would be reached than is contended for by the defendant; for there is complete agreement between the tort and contract rules that are applicable to the facts in this case. The rule in contract cases, which do not fall within some reasonable exception, is stated in Dickinson v. Edwards, 77 N. Y. 573, 578 (33 Am. Rep. 671), as follows:

"The general rule is, and has been, that where the contract either expressly or tacitly is to be performed in a given country, there the presumed intention of the parties is that it is to be governed by the law of the place of performance, as to its validity, nature, obligation, and interpretation."

See, also, Hibernia Bank v. Lacombe, 84 N. Y. 367, 378, 38 Am. Rep. 518; Manhattan L. Ins. Co. v. Johnson, 188 N. Y. 113, 80 N. E. 658, 9 L. R. A. (N. S.) 1142, 11 Ann. Cas. 223.

I am constrained to hold that the defense set forth in the answer and admitted by the plaintiff is legally sufficient and a complete bar to the prosecution by the plaintiff of this action.

The complaint is dismissed, on the merits.