ANTONIO GERACI, as Administrator, etc., of ANTONIO NACINOVICH, Deceased, Plaintiff, *v.* THE CUNARD STEAMSHIP COMPANY, LTD., Defendant.

Supreme Court, New York County, April, 1923.

**Negligence — death of seaman in foreign country on foreign vessel — insufficient complaint.**

Where in a complaint to recover for the death of plaintiff's intestate, a seaman, while on a vessel of British registry in the harbor of Havana, Cuba, through

the alleged negligence of defendant, there is no allegation that the action is maintainable under the laws of Cuba, a motion to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action will be granted.

MOTION to dismiss complaint.

*S. A. Cotilla,* for plaintiff.

*Lord, Day & Lord,* for defendant.

MAY, J.  The plaintiff's intestate, while on a vessel of British registry in the harbor of Havana, Cuba, was killed through the alleged negligence of the defendant, and the motion is now made to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

As no action for damages growing out of negligence and resulting in death would lie under the common law, the complaint proceeds upon the theory that the right to bring this action is governed by the law of the kingdom of Great Britain where, under an act of 1846 known as Lord Campbell's Act, this action may be maintained.  There is no allegation in the complaint that this action is maintainable under the laws of Cuba.

In the case of *Geoghegan* v. *Atlas Steamship Co.*, 3 Misc. Rep. 224, argued at a General Term of the Court of Common Pleas, it is held in a case where the facts are similar to those in the instant case, " that the actionable quality of an alleged wrong depends upon and is determined by the municipal law of the place of the transaction; that in a suit here proceeding upon an alleged wrong committed abroad, the court, in the absence of evidence to the contrary, will presume the common law to be the law of the locality; that if, by the principles of the common law, such alleged wrong be not the subject of an action for private redress, the plaintiff, in order to recover, must prove it to be so by the law of the place of the transaction; that by common law the death of a human being is not the subject of a civil action; and that, by consequence, whoever seeks reparation in our courts for the death of another abroad must establish by affirmative evidence that such death is an actionable wrong by the law of the place of the occurrence, are now elementary principles in the jurisprudence of the state of New York."

The American courts have, in actions to recover damages for an injury to a seaman on a foreign vessel in an American harbor, uniformly applied the law of the flag.  *Wenzler* v. *Robin Line S. S. Co.*, 277 Fed. Rep. 812.  Were the instant action maintainable under the common law the law of Great Britain would, therefore, apply.  Lord Campbell's Act is silent on the question of its appli-

cation to cases occurring in foreign waters, and as no authority exists, of which I am aware, that holds that the application of such statute extends beyond the territory of Great Britain, I am forced reluctantly to the conclusion that its application is so limited.

Under these circumstances the plaintiff has failed to allege facts in the complaint herein to show that a cause of action exists either under the law of the port or by virtue of the extension of the statutory enactment of Great Britain, modifying the common law, to vessels in foreign ports. Motion to dismiss the complaint granted.

Ordered accordingly.