JOAQUIN LUJAN, Plaintiff, *v.* LAMPORT & HOLT LINE, LTD..
Defendant.

Municipal Court of the City of New York, Borough of Manhattan, First District,
August 26, 1924.

**Negligence — common-law action to recover for injuries suffered by
employee on British steamship — defendant incorporated in England —
plaintiff not required to plead and prove law of Great Britain.**

In a common-law action by an employee of a steamship company, incorporated
in England but having an office and place of business in New York city, to
recover for injuries suffered on board, the plaintiff is not required to plead and
prove the law of Great Britain, for where the action is one arising by reason of
the common law and both parties submit themselves to the jurisdiction of our
courts, neither side pleading the law of the place where the tort was committed,
the courts in this State will apply the law of the forum.

MOTION for reargument of a motion to dismiss the complaint in
the above-entitled action and to vacate and set aside the ruling of
the court dated May 15, 1924, in which a verdict in favor of the
plaintiff and against the defendant was set aside.

*Silas B. Axtell,* for the plaintiff.

*Burlingham, Veeder, Masten & Fearey* [*Chauncey Kingsley* of
counsel], for the defendant.

HAYES, J.:

The above-entitled action came to trial and resulted in a verdict
in favor of the plaintiff in the sum of $750. The motion was made
and granted setting aside the verdict on the ground that plaintiff
had neither pleaded nor proved British law.

The complaint alleges a common-law cause of action as in the
ordinary master and servant cases, alleging that the defendant is
a foreign corporation having an office and principal place of business
in the borough of Manhattan, city of New York, and owned and
operated a vessel known as the *Vestris* trading between the United
States and South American ports; that the plaintiff was employed
as an oiler and while in the performance of his duty suffered certain
injuries.

The answer denies upon information and belief the employment
of the plaintiff or that he was injured or became disabled, and
denies that the injuries happened solely by reason of the negligence
of the defendant, its officers and employees, or by reason of the
failure of the defendant to provide the plaintiff with proper tools
and equipment with which to do his work, whereby the vessel was
rendered unseaworthy.

The question of negligence was submitted to the jury, which found a verdict, as stated before, in favor of the plaintiff.

The only question to be touched upon at this time is, was it necessary for the plaintiff to plead and prove the law of Great Britain in order to sustain his cause of action?

The plaintiff cites as authority in support of his contention that the failure to plead and prove the British law is not necessary *Eldridge* v. *Atlas Steamship Co.* (134 N. Y. 187). In that case the plaintiff, a seaman employed upon one of the defendant's vessels, was injured while operating a winch. He obeyed orders because disobedience would be punished, and, as he was working, was injured by reason of his fingers, while grasping for a lever, coming in contact with cog wheels. Suit was brought, the complainant alleging a common-law action as in the above case, and the answer similarly making admissions and denials. Neither side raised the question in the pleadings of the law of the port in which the accident occurred, and the court said (at p. 191) that " Whatever may have been the law of the flag of the ship, or of the United States of Columbia, in whose port the injury was received, it was not shown, and hence the parties in our forum must accept the law as we administer it."

In *Oehler* v. *Hamburg-American Line* (84 Misc. 272) the court dismissed the plaintiff's complaint for failure to plead and prove that the law of Germany awarded him a cause of action, but in that case the answer set out the defense (p. 274) " that the vessel was a German seagoing vessel, sailing on the high seas under the German flag; and that the sole right of the plaintiff to recover compensation is through the ' See-Berufsgenossenschaft,' an organization created under the German law for these purposes: (1) To protect German seamen, and (2) to compensate them and their dependents for injuries or death occurring while in the service of German vessels."

It is well settled that causes of action arising by reason of death through negligence exist only by virtue of statute and that where a wrong causing death occurs within a foreign country or State, no action can be maintained in this State without proof of a similar statute in the foreign State. (*Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465; *Crowley* v. *Panama R. R. Co.*, 30 Barb. 99.)

In *Geoghegan* v. *Atlas Steamship Co.* (3 Misc. 224, 225) it was said " that in a suit here proceeding upon an alleged wrong committed abroad, the court, in the absence of evidence to the contrary, will presume the common law to be the law of the locality; that if, by the principles of the common law, such alleged wrong be not the subject of an action for private redress, the plaintiff, in

order to recover, must prove it to be so by the law of the place of the transaction; that by the common law the death of a human being is not the subject of a civil action, and that, by consequence, whoever seeks reparation in our courts for the death of another abroad, must establish by affirmative evidence that such death is an actionable wrong by the law of the place of the occurrence, are now elementary principles in the jurisprudence of the State of New York."

It, therefore, appears to me that where the action is one not arising by virtue of the common maritime law, but arising through statute, in such case it is incumbent upon the party seeking relief to plead and prove the statute of the place where the tort was committed, awarding the relief sought, but that where the action is one arising by reason of the common law and both parties submit themselves to the jurisdiction of our courts, neither side pleading the law of the place where the tort was committed, the courts in this State will apply the law of the forum.

This conclusion would seem to be consistent with that reached by Judge LEARNED HAND (United States District Court, Southern District of New York, in *Stewart* v. *Pacific Steam Nav. Co.*, decided May 2, 1924), in which case he applies section 33 of the Jones Act, making the Railway Servants' Act applicable to seamen of the defendant company, which, like the defendant in this case, is incorporated in England but has an office and place of business in the borough of Manhattan, and within the Southern District of New York. Judge HAND said in part: " As I have already said, this language is general, there is no indication of any purpose to limit it to United States corporations, and it would be highly unreasonable to impute any such purpose to Congress, for the result would be not only to deprive American seamen of the protection which the act was meant to give them when serving on foreign ships, but to give advantage to such ships as against American ships. We all know that the purpose of Congress is directly the opposite. That being very clearly the main purpose of the act, how then am I to interpret the last sentence, which confers jurisdiction? It seems to me that this would be very easy in the case of a foreign corporation to construe it. The phrase ' in which its principal office is located ' clearly means in which the principal office of the foreign steamship company is located within the United States. There alone the action can be brought and if the section intends to cover foreign corporations, for the reasons I have given, there the action alone will lie."

I, therefore, find that in the interest of justice the motion for reargument should be granted, and the motion setting aside the

verdict of the jury because of the failure of the plaintiff to plead and prove British law is vacated and the verdict of the jury reinstated in favor of the plaintiff.

Ordered accordingly.