## SECOND DEPARTMENT, JULY, 1925.

In the Matter of the Application of LUCIUS BYRON WEYMOUTH for Admission to the Bar.  (From the State of Massachusetts.) — Application granted.  Present — Kelly, P. J., Jaycox, Kelby and Kapper, JJ.

In the Matter of the Application of ELDON YOUNG for Admission to the Bar. (From the State of Texas.) — Application granted.  Present — Kelly, P. J., Jaycox, Kelby and Kapper, JJ.

RAYMOND D. LITTLE, as Administrator, etc., of EUGENE D. LITTLE, Deceased, Respondent, v. JOHN E. COWDIN, Appellant, Impleaded with JAMES CALLAN, Defendant.— Motion for reargument denied.  The point that there was no proof of the New Jersey Death Statute* pleaded in the complaint was not raised at the trial, nor was the question presented to this court in the brief filed by counsel for the appellant.  Motion for leave to appeal to the Court of Appeals denied. Stay continued to enable appellant to apply to the Court of Appeals.  Present — Kelly, P. J., Jaycox, Kelby and Kapper, JJ.

JOSEPH MENDOLIA, Respondent, v. JOSEPH INGOGLIA and Others, Defendants. BERNHARDT LOEWENSTEIN, Assignee, etc., Appellant.— Motions for reargument or for leave to appeal to the Court of Appeals denied.  Stay denied.  Present — Kelly, P. J., Jaycox, Kelby and Kapper, JJ.

SAMUEL ARNOW, Appellant, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent.— Judgment dismissing the complaint reversed upon the law and the facts, and a new trial granted, with costs to abide the event, upon the ground that we think it was a question for the jury to say whether or not there had been a misrepresentation of fact made by the insured in the answers in the application for the policy.  Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ., concur.

J. EDWARD BREUER, Respondent, v. JEANNIE FRANCES EVANS, Appellant.— Judgment of the County Court of Nassau county unanimously affirmed, with costs.  No opinion.  Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ.

JAMES B. CHRISTIE, Appellant, v. CERRO DE PASCO COPPER CORPORATION, Respondent.— Plaintiff's only cause of action is in tort, and is governed by the laws of Peru.  There is no presumption that the law of Peru is the same as our common law.  (*Cuba R. R. Co.* v. *Crosby,* 222 U. S. 473; *Mexican Cent. R. Co.* v. *Chantry,* 136 Fed. 316; *Oehler* v. *Hamburg-American Line,* 84 Misc. 272.)  There was no evidence offered as to the law of Peru.  Judgment and order unanimously affirmed, with costs.  Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ.

JACOB COHEN, Appellant, v. HERMAN LEVINE, Respondent.— Order dismissing complaint upon the opening of counsel modified by striking out the provision that the dismissal is upon the merits, and by inserting, in lieu thereof, the words: " without prejudice to the commencement of a new action, if the plaintiff be so advised," and as so modified affirmed, with costs.  No opinion.  Rich, Jaycox, Kelby and Kapper, JJ., concur; Kelly, P. J., dissents.

---

* See N. J. Laws of 1848, p. 151, as amd.; 2 Comp. Stat. N. J. 1907, § 7 *et seq.;* Id. 1908, § 8; Id. First Supp. 475, § 4; N. J. Laws of 1917, p. 531, chap. 180.— [REP.