JOHN SADOWSKI, Appellant, *v.* LONG ISLAND RAILROAD COMPANY, Respondent.

Argued December 7, 1943; decided April 20, 1944.

*A. Harold Frost* and *Bernard Jenkin* for appellant. I. Plaintiff established defendant's negligence by a preponderance of the evidence and the verdict of the jury was proper. It was error to reverse the judgment and dismiss the complaint. (*Bailey* v. *Central Vermont Railway, Inc.,* 87 L. ed. 1030, U. S. Supreme Court, decided May 24, 1943; *Branson* v. *Baltimore & Ohio Railroad Co.,* 128 Md. 679, 131 Md. 686; *McGrath* v. *Lehigh Valley R. R. Co.,* 263 N. Y. 657; *Jacque* v. *Locke Insulator Corp.,* 70 F. 2d 680, 293 U. S. 585; *Pieczonka* v. *Pullman Co.,* 102 F. 2d 432; *Harrison Engineering & Construction Corp.*

v. *Rollinson,* 109 F. 2d 602; *Galeota* v. *United States Gypsum Co.,* 123 F. 2d 947, 315 U. S. 813; *Texas & Pacific Ry. Co.* v. *Behymer,* 189 U. S. 468; *Hellweg* v. *Chesapeake & Potomac Telephone Co.,* 110 F. 2d 546; *Baltimore & Ohio R. R. Co.* v. *Whitacre,* 242 U. S. 169; *Tiller* v. *Atlantic Coast Line R. Co.,* 318 U. S. 54.)   II. The plaintiff sustained an injury within the provisions of the Federal Employers' Liability Act.   (*Branson* v. *Baltimore & Ohio Railroad Co.,* 128 Md. 679, 131 Md. 686; *McGrath* v. *Lehigh Valley R. R. Co.,* 263 N. Y. 657; *Schmidt* v. *Merchants Despatch Trans. Co.,* 270 N. Y. 287; *Illinois Steel Co.* v. *Fuller,* 216 Ind. 180; *McBeth Evans Glass Co.* v. *Brunson,* 70 Ind. App. 513; *Nat. Rolling Mill* v. *Heishman,* 80 Ind. App. 673.)   III. This action was commenced within two years of the last day of plaintiff's employment.   (*Schmidt* v. *Merchants Despatch Trans. Co.,* 270 N. Y. 287; *Michalek* v. *United States Gypsum Co.,* 76 F. 2d 115; *Gillespie* v. *Great Northern Ry. Co.,* 63 Mont. 598; *Morrison* v. *Baltimore Ry. Co.,* 40 App. Cas. D. C. 391.)   IV. Plaintiff did not assume the risk of his employment.   The assumption of risk as a defense under the provisions of the Federal Employers' Liability Act, as amended August 11, 1939, has been obliterated and is no longer available to the defendant.   (*Tiller* v. *Atlantic Coast Line R. R. Co.,* 318 U. S. 54; *Galeota* v. *United States Gypsum Co.,* 123 F. 2d 947, 315 U. S. 813; *Seaboard Air Line Railway* v. *Horton,* 233 U. S. 492; *Choctaw, Oklahoma &c. R. R. Co.* v. *McDade,* 191 U. S. 64; *Schlemmer* v. *Buffalo, &c. Ry. Co.,* 220 U. S. 580; *Tex. & Pac. Ry. Co.* v. *Harvey,* 228 U. S. 319; *Gila Valley Ry Co.* v. *Hall,* 232 U. S. 94; *Chi. and Northwestern Ry.* v. *Bower,* 241 U. S. 470; *Dana* v. *N. Y. C. & H. R. R. R. Co.,* 92 N. Y. 639; *Pieczonka* v. *Pullman Co.,* 102 F. 2d 432.)

*Ralph E. Hemstreet* and *Louis J. Carruthers* for respondent. I. Plaintiff failed to establish that he was injured through the negligence of any of the officers, agents or employees of the defendant company.   (*Bailey* v. *Central Vermont Ry.,* 319 U. S. 350; *Second Employers' Liability Cases,* 223 U. S. 1; *Toledo, St. L. & W. R. R.* v. *Allen,* 276 U. S. 165; *C. M. & St. P. Ry.* v. *Coogan,* 271 U. S. 472; *Cleary* v. *Dietz Co.,* 222 N. Y. 126; *Christopher's Administrator* v. *Blanton Stone Co., Inc.,* 258 Ky. 587; *O'Connor* v. *Webber,* 239 N. Y. 191; *Halverson* v.

*562 W. 149th St. Corp.*, 290 N. Y. 40; *Butler* v. *Village of Oxford*, 186 N. Y. 444; *Hubbell* v. *City of Yonkers*, 104 N. Y. 434; *Missouri Pac. R. R.* v. *Aeby*, 275 U. S. 426.) II. The damages complained of by the plaintiff were not an "injury" within the meaning of the statute. (Federal Employers' Liability Act, U. S. Code, tit. 45, ch. 2; *Barrencotto* v. *Cocker Saw Co.*, 266 N. Y. 139; *Matter of Goldberg* v. *954 Marcy Corp.*, 276 N. Y. 313; *Jeffreyes* v. *Sager Co.*, 198 App. Div. 446, 233 N. Y. 535; *Bailey* v. *Central Vermont Ry.*, 319 U. S. 350; *Dougherty* v. *Salt*, 227 N. Y. 200.) III. A statute providing a remedy and limiting the time within which such remedy may be sought, affects the right and not merely the remedy. If the specified time has elapsed, the right is gone along with the remedy. Section 6 of the Federal Employers' Liability Act, stating the limitation, is a condition imposed upon the right. (*Seaboard Air Line* v. *Renn*, 241 U. S. 290; *Central Vermont Ry.* v. *White*, 238 U. S. 507; *Engel* v. *Davenport*, 271 U. S. 33; *Morrison* v. *B. & O. R. Co.*, 40 App. Cas. D. C. 391; *Callahan* v. *Chesapeake & O. Ry. Co.*, 40 F. Supp. 353; *Horton* v. *N. Y. C. R. R. Co.*, 237 N. Y. 38; *Isaac* v. *Town of Queensbury*, 277 N. Y. 37; *Dougherty* v. *Salt*, 227 N. Y. 200; *Wichita Falls & S. R. Co.* v. *Durham*, 132 Tex. 143; *Carpenter* v. *Central Vermont R. Co.*, 93 Vt. 357; *Wabash Ry Co.* v. *Bridal*, 94 F. 2d 117, 305 U. S. 602; *Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287; *Michaleck* v. *United States Gypsum Co.*, 298 U. S. 639.) IV. Plaintiff assumed the risk of contracting the disease of which he now complains. (*N. Y. C. & St. L. R. R. Co.* v. *Bowlden*, 62 F. 2d 917, 289 U. S. 753; *Kaare* v. *Troy Steel Co.*, 139 N. Y. 369; *Seaboard Air Line Ry. Co.* v. *Horton*, 233 U. S. 492; *Jacobs* v. *Southern R. R. Co.*, 241 U. S. 229; *Chesapeake & Ohio Ry. Co.* v. *DeAtley*, 241 U. S. 310; *Chesapeake & Ohio Ry. Co.* v. *Kuhn*, 284 U. S. 44; *D. L. & W. R. R. Co.* v. *Koske*, 279 U. S. 7; *Winfree* v. *Northern Pacific R. Co.*, 227 U. S. 296; *Tiller* v. *Atlantic Coast Line R. R.*, 318 U. S. 84.)

RIPPEY, J. Plaintiff was, at the time of his alleged injury on August 25, 1939, thirty-five years of age and in the employ of the defendant as an engine service man in its yards at Morris Park, N. Y., on an eight-hour shift. He had been working on the same job with the same duties continuously

for the previous sixteen years or more. It was the only job he ever had. He serviced some twenty to thirty locomotives during each shift by filling their tenders with coal and water and their sand boxes with a hard, fine sharp quartz sand.

Adjoining the coal wharf and water tank where the locomotives were placed for servicing was a sandhouse where the sand required was prepared for use, entirely enclosed except for one or two doors and some three or four windows. Three stoves were located inside the building with large hoppers around the drums into which the sand, procured by means of a wheelbarrow from a pile outside the building, was shoveled for the purpose of drying. After heating and drying, the warm, dry and finely pulverized sand was run off into piles on the floor around the stoves from which it was shoveled upon an open 1/64″ mesh screen and sifted into an open tank beneath. Particles too large to pass through the screen and other foreign waste material were thereafter shoveled into wheelbarrows and removed from the building. From the tank, the screened sand, as needed, was forced up through a pipe into a sand box located above the top of the locomotives in the coal wharf by means of a 100-pound pressure blower, from whence it was sent through a hose manually operated as needed to the sandboxes of the locomotives.

The jury were authorized to find that a substantial part of plaintiff's duties during each work shift was to fire the stoves and to handle the sand during the details of its preparation and the operations required to transport it to its resting place in the locomotive sandboxes and that, during all of that time, he was required to work in more or less of a cloud of silica dust which enveloped him and which he necessarily inhaled. Concededly, defendant furnished for his use no protection against inhalation of the particles of silica by way of masks or other appliances or by way of mechanical devices in the sandhouse to clear the air of dust, without which, it was shown, reasonable protection from injury was lacking, nor warned plaintiff of the dangers incident to the inhalation of the dust. Negligence is charged against defendant in its failure to perform duties in those respects which it owed to plaintiff and in failure to furnish plaintiff with a reasonably safe place in which to work. Upon sufficient evidence, the jury have found, as a necessary incident to the work so required of plaintiff in the place and under the

conditions described, that silica dust entered plaintiff's lungs and destroyed the tissues by reason of which tuberculosis has been superimposed, resulting in total permanent disability. His consequent total collapse occurred on August 25, 1939.

The summons in this action was served on defendant on July 31, 1941. On August 21, 1941, plaintiff served his complaint. In due course, plaintiff served upon defendant a bill of particulars in which he described with greater detail and precision the injuries which he received while in defendant's employ and the particular violations of duty by defendant which were the proximate causes of his injuries. The cause of action which was put in issue by the answer and upon which plaintiff relied and to which both parties exclusively directed their proofs at the trial has its foundation in the Federal Employers' Liability Act (U. S. Code, tit. 45, ch. 2, § 51–60). It is there provided, among other things, that every common carrier by railroad while engaging in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its * * * appliances, machinery, * * * works * * * wharves, or other equipment " (§ 51) and that an action to recover upon such liability may be maintained either in a proper State court or in a proper Federal court (§ 56). That defendant was engaged in interstate commerce as a common carrier by railroad and that plaintiff was in the employ of such carrier and engaged in such commerce at the time of his alleged injury are not disputed by defendant. The rights and obligations of the parties under that chapter, whether relating to questions of negligence, the weight of evidence, assumption of risk or contributory negligence on the part of the employee, depend exclusively upon the terms of the Federal statute, upon applicable principles of common law and upon the Federal decisional law (*Jacobs* v. *Reading Co.*, 130 F. 2d 612; *Second Employers' Liability Cases*, 223 U. S. 1; *Seaboard Air Line* v. *Horton*, 233 U. S. 492, 501; *C. M. & St. P. Ry.* v. *Coogan*, 271 U. S. 472, 474; *Missouri Pac. R. R.* v. *Aeby*, 275 U. S. 426; *Toledo, St. L. & W. R. R.* v. *Allen*, 276 U. S. 165; *Bailey* v. *Central Vermont Ry.*, 319 U. S. 350). Over

looking that well-known rule of law in effect since the first effective date of the Employers' Liability Act on April 22, 1908 (ch. 149, § 3; 35 U. S. Stat. 66), the trial court erroneously charged the jury that, applying the law of the State of New York, plaintiff must establish, if he was to recover at all, complete freedom from contributory negligence. That is not the standard fixed by Congress on which recovery may be based under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 53; *Seaboard Air Line* v. *Tilghman,* 237 U. S. 499). It was necessary only for plaintiff to show that the proximate cause of his injuries was lack of due care on the part of defendant (*Scarlett* v. *D. L. & W. R. R. Co.,* 222 N. Y. 155, 158). On that subject, the court correctly charged the rule of the common law which is applicable alike under the law of New York and the Federal statute that the burden was upon plaintiff to show that his injuries were due to failure of the defendant to do or to its omission to do what a reasonable and prudent man would have done or would have omitted to do in the exercise of ordinary care under all the circumstances (*Tiller* v. *Atlantic Coast Line R. Co.,* 318 U. S. 54, 67). The jury found that there was no negligence on the part of plaintiff contributing to his injuries and that the sole proximate cause of his injuries was the failure of defendant to exercise that degree of care and caution for his safety which, under the circumstances shown by the record, an ordinarily prudent man would be expected to exercise. No exception to the charge or to any refusal of the court to charge upon request presents any question for our consideration.

The reversal of the judgment entered on the verdict of the jury in favor of plaintiff and the dismissal of the complaint upon the law by the Appellate Division were on the ground that plaintiff failed to show any actionable negligence on the part of defendant. The question of whether plaintiff presented a *prima facie* case entitling him to go to the jury is open to review here upon exceptions to the refusal of the trial court to grant defendant's motion to dismiss the complaint at the close of the plaintiff's case and again at the close of the whole case and to the refusal of the court to direct a verdict for defendant. A motion for a nonsuit or for a direction of a verdict may not be granted where the facts are in dispute or where the evidence is such that reasonable men may draw different inferences from undis-

puted facts or where the issue depends upon the credibility of witnesses (*McDonald* v. *Metropolitan St. Ry. Co.*, 167 N. Y. 66; *Place* v. *N. Y. C. & H. R. R. R. Co.*, 167 N. Y. 345; *Tiller* v. *Atlantic Coast Line R. Co., supra*, pp. 67, 68). The questions of whether plaintiff was required to work in the sandhouse at all and the extent of such work, if any, of whether there was any silica dust at all in and around the place where plaintiff was required to work, or, if any such dust existed, whether it was of sufficient quantity to cause him injury, of whether the place furnished him in which to work and the appliances furnished for use in the work of defendant were reasonably safe and suitable under the circumstances, and whether, if dust existed, defendant exercised the care that ordinary and common prudence dictated in failing to furnish plaintiff with appliances to protect him against the inhalation of dust or to keep the air in the sandhouse and at the point where the locomotive sandboxes were filled free from dust, were sharply contested at the trial, involving the credibility of witnesses, and the evidence adduced on those questions was open to different inferences and to diffrent conclusions by reasonable men. The place in which plaintiff was required to work was fully described in the testimony, the plaintiff's evidence furnishing one picture and the defendant's evidence another.

Essentially, what is negligence in a given case is a question of fact. Each case depends upon its own peculiar circumstances. Decisions in other actions in which damages are sought for personal injuries furnish no criterion or guide for determination of what is or is not negligence in a particular case involving its own peculiar facts and circumstances. Under circumstances existing in one case the ordinary care required might not be the same as that required under other circumstances. Negligence arises from breach of duty and is relative to time, place and circumstance (*Mink* v. *Keim*, 291 N. Y. 300, 304). Ordinary care must be in proportion to the danger to be avoided and the consequences that might reasonably be anticipated from the neglect (*Railroad Co.* v. *Jones*, 95 U. S. 439; *Bailey* v. *Central Vermont Ry., supra*). It must be commensurate with known dangers. Defendant created the place in which the work was done and supervised the doing of the work by plaintiff and was

aware for a period of at least sixteen years of the conditions under which plaintiff was required to work and of the means and methods by which its work was accomplished. It is a matter of common knowledge that it is injurious to the lungs and dangerous to health to work in silica dust, a fact which defendant was bound to know. That fact was fortified by abundant medical testimony to like effect. In this case, as we have pointed out, no means were used by defendant for minimizing the quantity of silica dust arising from the work or for removing it from the atmosphere in which plaintiff was required to work or effort made to provide plaintiff with a place to work in which such dust was not present and no devices, such as a respirator or a mask, were provided for his use to enable him to avoid inhaling the dust. The jury found upon ample evidence that plaintiff was required to work a substantial part of his working time each day for many years in a cloud of silica dust. Those facts, with additional oral evidence in abundance to which reference has already been made, furnished a basis for a conclusion by reasonable men that defendant negligently failed in its duty to furnish plaintiff with a reasonably safe place in which to work and to furnish him with contrivances and appliances with which he could do the work required of him with a reasonable degree of safety and that such failure to perform its duty to plaintiff was the sole proximate cause of his injury. What constitutes ordinary care and prudence under all of those circumstances was properly affirmed by the triers of fact. The evidence in the instant case, fairly stated and considered in aspect most favorable to plaintiff, does not transport the question of defendant's negligence into the domain of undebatable fact or lead so unerringly to a conclusion that the court may hold as matter of law that no negligence of defendant was a proximate cause of plaintiff's injury (*Bailey* v. *Central Vermont Ry.*, *supra*).

Evidence that *some* railroads furnished no such contrivances as plaintiff claimed were necessary for the use of men working under similar conditions or furnished similar places to work for men doing work similar to that required of plaintiff does not establish, as matter of law, that no such contrivances or no different place in which to work or no different appliances to carry on the work were required in the case at bar in the exercise of ordinary care. The ultimate question of fact was

not what particular protective means someone else used in similar work. It was whether or not, under the particular conditions described in this case, the defendant furnished plaintiff a reasonably safe place in which to work and such protection in connection with his work against the inhalation of silica dust as would be expected of a person in the exercise of ordinary care under those conditions. Nor does the fact that no other person in defendant's works, so far as defendant knows, incurred similar injuries to those plaintiff received relieve defendant, as matter of law, from liability or indicate that defendant did everything for the protection of plaintiff that ordinary care and prudence dictated. Both items of evidence, if admissible at all (See *Schumer* v. *Caplin*, 241 N. Y. 346; *Garthe* v. *Ruppert*, 264 N. Y. 290, 295), a point which we find no occasion to decide, have weight only when considered with other evidence, on the question of whether what defendant did or omitted to do under all the circumstances met the requirements of care, *as matter of fact,* imposed on defendant for plaintiff's protection from injury (See 2 Wigmore on Evidence, 3d ed., § 461; *Pieczonka* v. *Pullman Co.*, 89 F. 2d 353, 357).

Defendant urges on this appeal, as it pleaded in its answer and urged at the trial on the motions to dismiss and for a direction of verdict but did not urge in the Appellate Division, that the maintenance of the action is barred since it was not commenced within two years from the day the cause of action accrued (Federal Employers' Liability Act, § 56 as it read until amended on August 11, 1939, to provide for a three-year limitation). In the state of the record, it is immaterial whether the statutory limitation is part of the substantive law or a bar to the remedy. In whichever way considered, the motion to dismiss on the ground that the maintenance of the action was barred by the statute was properly denied. The duty of defendant to furnish plaintiff with a reasonably safe place in which to work and reasonably safe appliances with which to do the work required of him with safety was a continuing nondelegable duty to the time plaintiff left the particular employment (*Kreigh* v. *Westinghouse & Co.*, 214 U. S. 249, 256; *Bailey* v. *Central Vermont Ry., supra*). The wrong committed coincided as to time with that duty. The injury gave rise to the cause of action and occurred before plaintiff left

defendant's employ. He continued to work until he was totally disabled by the injury but did not return to work after his collapse on August 25, 1939. On the record here, it cannot be said, as matter of law, that the action accrued more than either two or three years before the action was commenced (*Pieczonka* v. *Pullman Co., supra,* pp. 356, 357).

Defendant urges that the trial court should have held as matter of law that plaintiff assumed the risks of his employment. It cannot be held as matter of law that the injury for which plaintiff sought recovery occurred prior to August 11, 1939. If it occurred after that date, it would seem that the doctrine of assumption of risk has been completely wiped out as a defense in an action brought by an employee of a carrier under the Federal Employers' Liability Act (*Tiller* v. *Atlantic Coast Line R. Co.,* 318 U. S. 54; 53 U. S. Stat. 1404, amdg. Federal Employers' Liability Act, § 54). If the injury occurred prior to that date or if the decision in the *Tiller* case is not as broad as is indicated upon its face (Cf. *Owens* v. *Union Pacific R. Co.,* 319 U. S. 715), the question of whether or not the plaintiff assumed the risk of his employment was open to differing inferences by reasonable men and accordingly was one of fact.

The judgment of the Appellate Division should be reversed and the case remitted to the Appellate Division for determination upon the questions of fact raised in that court, with costs in this court and in the Appellate Division to abide the event.

LOUGHRAN, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., LEWIS and THACHER, JJ., dissent.

Judgment accordingly.