Marie ROWE, Walter H. Rowe, Fernn V. Rowe and Henry C. Rowe, Plaintiffs-Appellees,

v.

PENNSYLVANIA GREYHOUND LINES, Inc., Defendant-Appellant.

No. 265, Docket 23747.

United States Court of Appeals Second Circuit.

Argued Feb. 10, 1956.

Decided March 16, 1956.

Writ of Certiorari Denied June 11, 1956.

See 76 S.Ct. 1052.

---

5. R.S. 32:232, 18 LSA–R.S. c. 1, § 232.

Clarence E. Mellen, New York City (Bleakley, Platt, Gilchrist & Walker, Dennis P. Donovan, Ernest S. Ballard, Jr., Robert L. Conkling, New York City, of counsel, on the brief), for defendant-appellant.

John J. Tullman, New York City (Benjamin H. Siff, New York City, of counsel, on the brief), for plaintiffs-appellees.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

LUMBARD, Circuit Judge.

This action arose out of an alleged collision between defendant's passenger bus and plaintiffs' 1948 Buick sedan on Route 40 on the outskirts of Baltimore, Maryland. On August 21, 1948 plaintiffs Walter and Henry Rowe, brothers, and their respective wives, Marie and Fernn, were traveling north on Route 40 in Walter's car, returning from a vacation. The men were seated in the front, with Walter driving, while the ladies were in the back seat, each directly behind her husband. The plaintiffs' car stopped for a traffic signal, being the fourth or fifth car in its lane, and plaintiffs testified that while stopped they felt something strike the left rear side of the auto throwing it on an angle to the right. No direct evidence was introduced as to what collided with the auto but the parties plaintiff testified that immediately after the crash a bus owned by the defendant passed within inches of the car. The bus continued on its way until, after a chase, the plaintiffs caught up to it and forced it to the side of the road. The driver denied that he had hit the plaintiffs' car and repeated this denial at the trial. After this incident the plaintiffs continued to Hightstown for the night and then on to Lynn, Massachusetts the next day. No one complained of any injury until after returning home, when both of the ladies went to see a doctor, Marie complaining of a pain in the small of her back, Fernn of a pain in her arm and her neck. Thereafter Marie's condition was diagnosed as a ruptured disk and she underwent surgery for removal of the disk and a fusion of spinal vertebrae. Fernn was operated on for the removal of a bursa and then for severance of the left scalenus muscle. The women sued for these personal injuries and their husbands for the loss of consortium resulting therefrom. No claim was made for property damage.

Conflicting medical testimony was introduced at the trial as to whether these injuries were the direct result of the accident. At trial the defendant made motions to dismiss the action and for a directed verdict, which were denied. The defendant contends on this appeal that the trial court committed error in denying these motions. Further error is assigned in a portion of the trial judge's charge.

■■ Since this is a diversity case we must look to the law applied in the courts of New York. This is true for the rules determining the sufficiency of the evidence as well as the rules of substantive liability. Stoner v. New York Life Insurance Co., 1940, 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284; Gutierrez v. Public Service Interstate Transp. Co., 2 Cir., 1948, 168 F.2d 678, 679–680. A New York court would apply the substantive law of Maryland, the place where the accident occurred, but would apply its own rules in determining the sufficiency of the evidence. Geoghegan v. Atlas Steamship Co., 1893, 3 Misc. 224, 227, 22 N.Y.S. 749, affirmed 146 N.Y. 369, 40 N.E. 507; Franklin Sugar Refining Co. v. Lipowicz, 4th Dept. 1927, 220 App.Div. 160, 165, 221 N.Y.S. 11, affirmed 247 N.Y. 465, 160 N.E. 916, 59 A.L.R. 1414; Restatement of Conflict of Laws § 595.

The first question raised by the defendant is whether there was sufficient evidence to take the case to the jury. The defendant attacks the plaintiffs' case at three points: (1) Insufficiency of the evidence that defendant's bus hit the plaintiffs' car, (2) insufficiency of the evidence that the defendant's driver was negligent and (3) insufficiency of the evidence to show a causal connection between the accident and the injuries suffered by Marie and Fernn.

■■ 1. The plaintiffs' evidence that their car was hit by the bus was sufficient to go to the jury. In New York, as elsewhere, questions of credibility are for the jury to resolve. E. g., McDonald v. Metropolitan Street Railway Co., 1901, 167 N.Y. 66, 60 N.E. 282; Sadowski v. Long Island R. Co., 1944, 292 N.Y. 448, 454–455, 55 N.E.2d 497. The plaintiffs presented evidence, which

the jury might have believed, that their car had come to a stop, that it was struck on the left rear side, that no car was passing at the time of the impact, and that immediately after the impact the defendant's bus passed on their left about 10 or 12 inches from their car. Although the defendant's driver testified that he did not hit the plaintiffs' car, it was for the jury to decide what had happened. The plaintiffs' testimony indicates that the damage to the car was such that it was probably inflicted by a sideswiping collision rather than an impact from directly behind. This evidence was sufficient to permit a reasonable inference that the bus, rather than some other unidentified vehicle, struck the plaintiffs' car. This is all that the New York law requires. Dillon v. Rockaway Beach Hospital, 1940, 284 N.Y. 176, 30 N.E.2d 373; Cornbrooks v. Terminal Barber Shops, 1940, 282 N.Y. 217, 26 N.E.2d 25. The inference drawn here was no more tenuous than those which juries have been permitted to draw in several New York cases. E. g., Garippa v. Wisotsky, 1953, 305 N.Y. 571, 111 N.E.2d 443; Ingersoll v. Liberty Bank of Buffalo, 1938, 278 N.Y. 1, 14 N.E.2d 828.

■ 2. The defendant next contends that even if it was shown that the defendant's bus hit the plaintiffs' car, there was insufficient evidence to show that the impact was the result of the negligence of the defendant's driver. The testimony established that plaintiffs' car was stationary at the time of the impact waiting for a traffic light, that the road was dry and in good condition and the weather clear, and that the plaintiffs' car was struck at the left rear side. This was enough to permit the jury to infer that the accident was caused by the driver's negligence in failing to allow sufficient clearance in passing the plaintiffs' car. Defendant contends that this involves basing an inference on an inference and is therefore objectionable. Even if it is improper to base an inference on an inference, but cf., 1 Wigmore on Evidence § 41, 3rd Ed., that is not what happened here. The inferences that it was the defendant's bus which struck the car and that the collision resulted from the bus driver's negligence are parallel inferences based on the same facts. Cf. Gutierrez v. Public Service Interstate Transp. Co., supra [applying New York Law].

■ 3. There was an abundance of expert medical testimony to show the nature of the injuries suffered by Marie and Fernn and to support a finding that the injuries were caused by the accident in question. Defendant first objects to this evidence on the ground that the doctors testified only that the accident was "*a* competent producing cause of the injuries," and not that it was *the* cause. This objection is clearly frivolous. Cf. Cornbrooks v. Terminal Barber Shops, Inc., supra. Defendant next complains that the hypothetical questions put to the doctors omitted certain facts. A hypothetical question need not, however, include every fact in the case. The questions used here were comprehensive enough to provide a basis for a jury finding of causation. The defendant could have protected itself by objecting to the questions when they were asked or by bringing out on cross-examination the effect of the omitted facts on the doctors' opinions. These steps it did not take.

■ The defendant's final objection is directed at a portion of the charge to the jury which appears in the record as follows:

"It gets down to simply this, and it is a simple, ordinary rule, that one must operate his automobile on the highway in a careful and prudent manner, and if he fails and an accident results therefrom, and it happens because of his failure to operate his automobile in a careful and prudent manner under all the circumstances, then, of course, that is negligence and he is liable for the results.

"The defendant's bus driver here, in overtaking and passing the plaintiffs' automobile, was under the duty

of using reasonable care in passing plaintiffs' car, if it did so pass, and *making certain that there was adequate room for him to do so without touching any part of plaintiffs' automobile.*" [Emphasis added.]

The defendant contends that the emphasized words amounted to a charge that the defendant was absolutely liable if the bus struck the car. We do not so read the judge's instructions. It seems clear that the jury, in the light of the entire charge and the facts of the case, must have understood that the court was charging that the driver was "under the duty of using reasonable care in * * * making certain" that there was room to pass. The charge as a whole made it quite plain that the driver's duty was no more than the exercise of reasonable care.

The judgment is affirmed.